IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION NO 02-527 |
| v. | : | |
| BRANDON A. JONES. | : | CIVIL ACTION NO. 07-1096 |

MEMORANDUM

**Padova, J.**                                                                                                         May 10, 2007

Defendant Brandon A. Jones has filed a pro se Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the motion is denied.

**I.    BACKGROUND**

On February 14, 2003, following a jury trial, Defendant was convicted of carjacking under the Federal Carjacking Statute, 18 U.S.C. § 2119. The evidence presented by the Government at trial established that shortly after midnight on April 29, 2002, Defendant climbed into the passenger seat of Lorena Edwards' car when she was parked at a gas station. Defendant told Edwards that he had a gun and that he would shoot her if she did not do as he said. Defendant then demanded that Edwards drive to a nearby ATM. On the way to the ATM, Defendant rifled through Edwards' purse and car, and stole her money, house key, and identifying information. He also repeatedly threatened that he would shoot her if she failed to meet his demands. After Edwards was unable to withdraw any money from the ATM, Defendant ordered her out of the car in the mall parking lot. Police subsequently apprehended Defendant after a high speed chase.

On October 24, 2003, Defendant was sentenced to 110 months imprisonment, a three-year term of supervised release, and $15,000 in restitution. Defendant appealed, arguing, among other things, that the district court had failed to properly instruct the jury regarding the Government's

burden to prove his intent to cause death or serious bodily harm. On April 29, 2005, the United States Court of Appeals for the Third Circuit affirmed his conviction, finding no merit to Defendant's claim that these jury instructions were improper, but vacated his sentence and remanded for resentencing under United States v. Booker, 543 U.S. 220 (2005). At the October 20, 2005 resentencing, Defendant was sentenced to 88 months imprisonment, a 3-year term of supervised release, and $15,000 in restitution. Jones again appealed, but the Third Circuit affirmed his sentence on February 7, 2007.

## II. DISCUSSION

Defendant has moved for relief pursuant to 18 U.S.C. § 2255, which provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

"Section 2255 does not provide habeas petitioners with a panacea for all alleged trial or sentencing errors." United States v. Rishell, Civ.A.Nos. 97-294-1, 01-486, 2002 WL 4638, at *1 (E.D. Pa. Dec. 21, 2001) (citation omitted). Rather, in order to prevail on a Section 2255 motion, the movant's claimed errors of law must be constitutional, jurisdictional, "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428 (1962).

In the instant motion, Defendant asserts that his trial counsel was constitutionally ineffective

for two reasons. First, he contends that counsel was ineffective for failing to object to, or submit alternative instructions to, the Court's jury instructions regarding specific and conditional intent, which, in his view, improperly permitted the jury to find the requisite intent based on either a "mere bluff" or intent unrelated to the taking of the car. Second, he contends that counsel was ineffective for failing to object when the Court instructed the jury that the use of the word "and" in the indictment should be understood as "or" because, in his view, that instruction constructively amended the indictment. Both of these claims are meritless. Moreover, no evidentiary hearing is necessary as "the files and records of the case show conclusively that [Defendant] is not entitled to relief." Government of the Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989).

In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court held that criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. Id. at 687. To prove constitutionally inadequate representation, a criminal defendant must demonstrate both that (1) his attorney's performance was deficient, i.e., that the performance was unreasonable under prevailing professional standards, and (2) that he was prejudiced by the attorney's performance. Id. Prejudice is proven if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

### A. Jury Instructions on Intent

Under the Federal Carjacking Statute, the Government must prove that the defendant acted with specific intent to cause death or serious bodily harm. 18 U.S.C. § 2119. That intent, however, may be conditional, so that "[i]n a carjacking case in which the driver surrendered or otherwise lost control over his car without the defendant attempting to inflict, or actually inflicting, serious bodily

harm, Congress' inclusion of the intent element requires the Government to prove beyond a reasonable doubt that the defendant would have at least attempted to seriously harm or kill the driver if that action had been necessary to complete the taking of the car." Holloway v. United States, 526 U.S. 1, 11-12 (1999).

The jury was instructed at Defendant's trial that the Government could establish the intent element by proving that "at the moment the defendant demanded or took control over the vehicle, the defendant possessed the intent to seriously harm or kill the driver, if necessary, to steal the car, or for any other reason." (2/13/03 N.T. at 219.) Defendant contends that this charge was erroneous because it permitted the requisite intent to be an intent to seriously harm or kill the driver for reasons unrelated to the stealing of the car. He further argues that the overall intent charge permitted the jury to convict him for a "mere bluff," because it lacked an explicit instruction pursuant to the United States Supreme Court's decision in Holloway that neither an "empty threat" nor an "intimidating bluff" will satisfy the statute's specific intent requirement. Holloway, 526 U.S. at 11. Accordingly, Defendant contends that his trial counsel was ineffective for failing to either object to the intent charge or propose a different intent instruction.

Defendant raised these very same claim in his first appeal, and the Third Circuit unequivocally rejected them. Specifically, the Third Circuit stated as follows:

> Jones . . . challenges the District Court's instruction to the jury regarding the intent element of carjacking. He argues the instructions authorized the jury to convict without finding a connection between Jones' specific intent and the "taking" of the car. Additionally, he argues the instructions were incomplete because they failed to advise the jury that a "mere bluff" does not rise to the level of "intent to cause death or serious bodily harm." Jones did not object to the jury instructions at trial, thus our review is for plain error. . . .

> We find no error in the District Court's instruction. The District Court clearly and repeatedly instructed the jury that Jones' specific intent to cause bodily injury must have related to taking the vehicle. See, e.g., JA 516 (reciting elements of carjacking under § 2119, including "taking" a motor vehicle "with the intent to cause death or serious bodily harm"); JA 520 ("the Government must prove that at the moment the defendant demanded or took control over the vehicle, that that defendant possessed the intent to seriously harm or kill the driver, if necessary, to steal the car, or for any other reason"); JA 520 ("The defendant's intent to cause serious bodily harm to the victim must bear a reasonable connection to the taking of the vehicle."); JA 521 ("The intent is intent to cause death or serious bodily harm, if necessary, to take the car or gain control over the car."); see also Holloway, 526 U.S. at 12, 119 S.Ct. 966 ("The intent requirement of § 2219 is satisfied when the Government proves that at the moment the defendant demanded or took control over the driver's automobile the defendant possessed the intent to seriously harm or kill the driver if necessary to steal the car (or, alternatively, if unnecessary to steal the car).").
>
> . . . The District Court provided the jury with clear and comprehensive instructions. It explained the concept of specific intent and conditional intent, and it detailed the nexus which must have existed between the defendant's taking of the vehicle and his willingness to cause serious injury. We find no error in the District Court's instructions, and we reiterate our holding above that Jones' conviction-which necessarily includes the element of specific intent- rests on legally sufficient evidence. Accordingly, even if we were to find the District Court's instructions erroneous- which we do not- the outcome of the trial was not affected.

United States v. Jones, 128 Fed. Appx. 938, 941-42 (3d Cir. 2005).

Given the Third Circuit's unequivocal conclusion that there was no error in the challenged jury instructions, there can be no question that Defendant's current ineffectiveness claim fails. Indeed, counsel simply cannot be found to be deficient in failing to object to an error-free instruction. Moreover, the Third Circuit's analysis makes clear that counsel's failure to object to the intent instructions was not prejudicial to Defendant as (1) any such objections would have been overruled,

5

and (2) even if a revised instruction had been used, it would not have affected the outcome of the trial as there was sufficient evidence in the record to support a finding of specific intent. See Jones, 128 Fed. Appx. at 940 (noting that the evidence, including that Jones held his hand under his jacket in a bulge, represented that he had a gun and threatened to shoot Edwards if she did not comply with his demands, "established Jones intended to harm his victim if necessary to carry out the carjacking"). Defendant's first ineffectiveness claim is therefore denied.

### B. Constructive Amendment of Indictment

In his second claim, Defendant asserts that trial counsel was ineffective for failing to object when the court instructed the jury that the Government only had to establish that Defendant had intent to cause death <u>or</u> serious bodily injury in order to prove its case even though the indictment alleged that Defendant had the intent to cause "death <u>and</u> serious bodily injury." (See 2/13/03 N.T. at 213, 215.) According to Defendant, this instruction amounted to a constructive amendment of the indictment that violated his constitutional rights.

A constructive amendment to the indictment occurs "where a defendant is deprived of his 'substantial right to be tried only on charges presented in an indictment returned by a grand jury.'" United States v. Syme, 276 F.3d 131, 148 (3d Cir. 2002) (quoting United States v. Miller, 471 U.S. 130, 140 (1985)). However, "[i]t is hornbook law that a crime denounced in the statute disjunctively may be alleged in an indictment in the conjunctive, and thereafter proven in the disjunctive." United States v. Gunter, 546 F.2d 861, 868-69 (10th Cir. 1976). Indeed, in United States v. Cusmanno, the Third Circuit considered a claim virtually identical to Defendant's claim here, i.e., that the court erred in instructing the jury in the disjunctive when the indictment charged in the conjunctive, and explicitly held that "the failure to charge [the jury] in the conjunctive cannot be treated as an

improper amendment of the indictment." 943 F.2d 305, 311 (3d Cir. 1991) (finding no error when jury instructions, tracking language of statute, informed jury that defendant could be found guilty of embezzling, stealing <u>or</u> unlawfully and willfully converting ERISA assets for his own use, when indictment charged him with embezzling, stealing <u>and</u> willfully converting ERISA assets for his own use); <u>see also</u> <u>United States v. Vampire Nation</u>, 451 F.3d 189, 204 (3d Cir. 2006) (finding no error when jury instructions, tracking language of statute, informed jury that defendant could be found guilty for possessing counterfeit <u>or</u> forged securities, when indictment charged him with uttering and possessing counterfeit <u>and</u> forged securities). There was therefore no error in our charging the jury in the disjunctive here, and defense counsel was not ineffective for failing to object to that aspect of the charge. Consequently, Defendant's second claim is denied.

### III. CONCLUSION

For the foregoing reasons, we conclude that Defendant's counsel was not ineffective for failing to object to, or propose alternate instructions to, the jury instructions regarding specific intent during Defendant's trial. Defendant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is therefore denied in its entirety.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION NO. 02-527 |
| v. | : | |
| BRANDON A. JONES | : | CIVIL ACTION NO. 07-1096 |

O R D E R

**AND NOW**, this 10th day of May 2007, upon consideration of Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Crim. Docket Entry #139), and the Government's response thereto, **IT IS HEREBY ORDERED** as follows:

1. The Motion is **DENIED.**

2. As Defendant has failed to make a substantial showing of the denial of a constitutional right, there is no basis for the issuance of a certificate of appealability.

3. The Clerk is directed to **CLOSE** Civil Action No. 07-1096.

BY THE COURT:

/s/ John R. Padova, J.
John R. Padova, J.